**James Lorin PORTER, Sr.,**
Plaintiff—Appellant,

v.

**LINCOLN CITY, a Municipality; et al., Defendants—Appellees.**

No. 02–16674.
D.C. No. CV–01–01778–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

James L. Porter, Sr., a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that Lincoln City and several media companies violated his due process rights and the Ex Post Facto Clause. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state a claim under the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Porter's due process claims because the California statute granting the public the right to submit information to the Board of Prison Terms for consideration in making parole decisions does not create a liberty interest protected by the Fourteenth Amendment. *See* Cal.Penal Code § 3043.5(b) (requiring the parole board to consider information submitted by the public but giving the board discretion to determine whether the prisoner "would pose a threat to the public safety if released on parole"); *Baumann v. Ariz. Dept. of Corr.,* 754 F.2d 841, 844 (9th Cir.1985) (only state regulatory measures that impose "substantive limitations on the exercise of official discretion" may create a liberty interest). Nor does Porter have a constitutional right to receive parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

There is no legal basis for Porter's claim that the Lincoln City resolution violates the Ex Post Facto Clause because the resolution does not "alter the definition of crimes or increase the punishment for criminal acts." *See Souch v. Schaivo,* 289 F.3d 616, 620 (9th Cir.) (internal quotation omitted), *cert. denied,* —— U.S. ——, 123 S.Ct. 231, 154 L.Ed.2d 98 (2002). Similarly, because the resolution does not legislatively determine guilt or inflict punishment, it does not constitute a bill of attainder. *See Nixon v. Adm'r of Gen.*

*Servs.,* 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977).

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Porter's pendent state law claims for fraud, misrepresentation, libel, slander, and violations of the California Constitution. *See* 28 U.S.C. § 1367(c); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well") (internal quotation omitted).

**AFFIRMED.**